UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE HARRIS, *et al.*, | Case No. 1:26-cv-01401-CDB |
| Plaintiffs, | ORDER DIRECTING PLAINTIFFS TO FILE MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM FOR MINOR PLAINTIFFS KAM.J, H.J., D.J., KAT.J, AND KIR.J |
| v. | |
| COUNTY OF KERN, *et al.*, | |
| Defendants. | ORDER DIRECTING PLAINTIFFS TO FILE MOTION TO PROCEED UNDER PSEUDONYM FOR MINOR PLAINTIFFS OR A REPORT WHY SUCH MOTION IS NOT NECESSARY |
| | **7-Day Deadline** |

Plaintiffs Catherine Harris, Bailey Jones, and Mariah Moore, along with minor Plaintiffs Kam.J, H.J., D.J., Kat.J, and Kir.J (the "minor Plaintiffs"), initiated this action with the filing of a complaint on February 17, 2026. (Doc. 1). Plaintiffs filed a first amended complaint on March 11, 2026. (Doc. 5). Both the original complaint and first amended complaint state that minor Plaintiffs bring this action by and through purported guardian ad litem Catherine Harris. (Doc. 1 at 1; Doc. 5 at 1). Both also state that "Mariah Moore will seek appointment as [g]uardian [a]d [l]item for the minor children at or near the time of filing this [c]omplaint." (Doc. 1 at 4; Doc. 5 at 4).

///

///

///

**Order Directing Plaintiffs to File a Motion for Appointment of Guardian Ad Litem**

Pursuant to Local Rule 202,

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

E.D. Cal. L.R. 202(a) (citing Fed. R. Civ. P. 17(c)).

Because the claims of the minor Plaintiffs may only be brought "by a next friend or guardian ad litem," a guardian must be appointed by the Court to protect the minor's interests. *See* Fed. R. Civ. P. 17(c)(2). As of the date of entry of this Order, Plaintiffs have presented neither "appropriate evidence of the appointment of a representative for the minor or incompetent person under state law" or a motion in this Court for the appointment of a guardian ad litem.

Accordingly, as set forth below, the Court will order Plaintiffs to file either (1) evidence of the appointment of a guardian ad litem for minor Plaintiffs, or (2) a motion for the appointment of a guardian ad litem for minor Plaintiffs consistent with Federal Rule of Civil Procedure 17 and Local Rule 202.

**Order Directing Plaintiffs to File a Motion to Proceed Under Pseudonym**

Both the complaint and first amended complaint identify the minor Plaintiffs via pseudonyms, namely as Kam.J, H.J., D.J., Kat.J, and Kir.J. (Doc. 1 at 1; Doc. 5 at 1).

The default rule is that parties to an action in federal district court must identify themselves by their true names. However, "many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit…parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id*. at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public

information and the risk of unfairness to the opposing party." *Id*. at 1068.

The Ninth Circuit has identified three situations in which parties have been allowed to proceed under pseudonyms: "(1) when the identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution…" *Id*. (citations and internal quotations marks omitted). A party requesting to proceed pseudonymously has the burden of showing that their "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068-69.

As Plaintiffs have not sought relief of Court for minor Plaintiffs to proceed in this action under pseudonym, the Court will direct Plaintiffs to either file a motion for minor Plaintiffs to proceed pseudonymously in this action or a report indicating why a motion to proceed pseudonymously is unnecessary. The Court notes that this is not the first instance in which counsel for Plaintiffs (Mr. Rober Powell) was directed to comply with applicable authority in seeking leave to proceed under pseudonym. Thus, in another action before this Court (*Almeyda, et al. v. County of Kern, et al.*, No. 1:26-cv-00250-JLT-CDB), the Court issued a virtually identical order directing Plaintiffs, represented by the same counsel as in the instant action, to file a motion to proceed under pseudonym. (*Almeyda*, Doc. 6). Upon Plaintiffs' failure to timely file said motion, the Court issued an order to show cause why sanctions should not be imposed, after which Plaintiffs filed the motion. (*Almeyda*, Docs. 11, 13).

Counsel for Plaintiffs is admonished to comply with all applicable authority, including the Court's orders and the Local Rules. Any failure to timely do so will result in the imposition of sanctions.

*Remainder of This Page Intentionally Left Blank*

3

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that, **within 7 days** of entry of this order:

1. Plaintiffs shall file either (a) a motion for the appointment of a guardian ad litem for the minor Plaintiffs consistent with Federal Rule of Civil Procedure 17 and Local Rule 202, or (b) appropriate evidence of the appointment of a representative for the minor Plaintiffs consistent with state law; and

2. Plaintiffs shall file either (a) a motion for the minor Plaintiffs to proceed pseudonymously in this action, or (b) a report demonstrating that such motion is not necessary.

**Any failure by Plaintiffs to timely comply with this order will result in the imposition of sanctions.**

IT IS SO ORDERED.

Dated:   **May 11, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

4