UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CATHERINE HARRIS, *et al.*,

Plaintiffs,

v.

COUNTY OF KERN, *et al.*,

Defendants.

Case No. 1:26-cv-01401-CDB

ORDER GRANTING PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM

(Doc. 21)

ORDER DENYING PLAINTIFFS' MOTION TO APPOINT GUARDIAN AD LITEM

(Doc. 20)

**7-Day Deadline**

**Background**

Plaintiffs Catherine Harris, Bailey Jones, and Mariah Moore, along with minor Plaintiffs Kam.J, H.J., D.J., Kat.J, and Kir.J (the "minor Plaintiffs"), initiated this action with the filing of a complaint on February 17, 2026. (Doc. 1). Plaintiffs filed a first amended complaint on March 11, 2026. (Doc. 5). Both the original complaint and first amended complaint assert that minor Plaintiffs bring this action by and through purported guardian ad litem Catherine Harris. (Doc. 1 at 1; Doc. 5 at 1). Both also state that "Mariah Moore will seek appointment as [g]uardian [a]d [l]item for the minor children at or near the time of filing this [c]omplaint." (Doc. 1 at 4; Doc. 5 at 4).

After an extended period of time during which Moore did not in fact seek such appointment,

on May 11, 2026, the Court directed Plaintiffs to file motions to proceed under pseudonym and to appoint guardian ad litem for the minor Plaintiffs. (Doc. 6). On May 18, 2026, Plaintiffs filed the pending motion to proceed under pseudonym (Doc. 21) and to appoint guardian ad litem (Doc. 20).

**Discussion**

**A. Plaintiffs' Motion to Proceed Under Pseudonym**

Minor Plaintiffs seek to proceed under the pseudonyms Kam. J., H.J., D.J., Kat. J., & Kir. J. (Doc. 21). Plaintiffs assert that Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, as well as Local Rule 140(a)(i), require use of initials for minor parties in lieu of their full name. *See id.*

*i. Governing Authority*

"[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit…parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* at 1068.

The Ninth Circuit has identified three situations in which parties have been allowed to proceed under pseudonyms: "(1) when the identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution…" *Id.* (citations and internal quotations marks omitted). In evaluating such a request, courts should consider the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Id.*

"The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice … [as well as] decide whether the public's interest in the case would be best served by requiring that the

litigants reveal their identities." *Id.* at 1068-69. "To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears … (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest.'" *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (quoting *Advanced Textile Corp.*, 214 F.3d at 1068).

*ii.* *Analysis*

The Court has reviewed Plaintiffs' motion and finds the reasons advanced for proceeding under pseudonym warrant granting the relief requested.

Plaintiffs represent that Kam. J., H.J., D.J., Kat. J., & Kir. J. are minors. (Doc. 21 at 3; Doc. 21-2). It is well established that minors may proceed in a suit anonymously and, absent court order to the contrary, must be named only by their initials in filings before the Court. *See* Fed. R. Civ. P. 5.2(a). Given the sensitive and highly personal nature of this action involving minor plaintiffs, the Court finds good cause to grant Plaintiffs' motion for minor Plaintiffs to proceed pseudonymously in this action. *See id.*; Local Rule 140(a)(i); *Advanced Textile Corp.*, 214 F.3d at 1067; *e.g.*, *Doe by and through Doe v. Mariposa Cnty. Unified School District*, No. 1:24-cv-01033-BAM, 2024 WL 4133214, *1 (E.D. Cal. Sept. 10, 2024) (granting ex parte motion to proceed under pseudonym for minor plaintiff).

**B. Plaintiffs' Motion to Appoint Guardian Ad Litem**

*i.* *Governing Authority*

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor may sue or defend on the minor's behalf. Fed. R. Civ. P. 17(c). A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate

whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1); *see id.* § 372(d)(1)–(2) ("Before a court appoints a guardian ad litem pursuant to this chapter, a proposed guardian ad litem shall disclose both of the following to the court and all parties to the action or proceeding: (1) Any known actual or potential conflicts of interest that would or might arise from the appointment[; and] (2) [a]ny familial or affiliate relationship the proposed guardian ad litem as with any of the parties.").

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *See id*. (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id*. (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

> (a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c); …
>
> (c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804.

*ii.* *Analysis*

Plaintiffs request the Court appoint attorney Shawn McMillan as guardian ad litem for minor Plaintiffs Kam. J., H.J., D.J., Kat. J., & Kir. J. (Doc. 20). Mr. McMillan declares that he is an attorney with over 25 years of experience and, in 2009, began transitioning his practice from complex business disputes to prosecuting civil rights cases against county and government child protection workers and agencies, as well as private medical providers who collaborate with such agencies. (Doc. 20-3, Declaration of Shawn McMillan, ¶¶ 1-11).

Mr. McMillan declares that he is fully competent to serve as guardian ad litem in this litigation. *Id.* ¶ 12. Mr. McMillan further declares he understands the relationship he will have with counsel for Plaintiffs as guardian ad litem, that he will have the same rights, responsibilities, and duties as would any client, and that he will have the obligation to determine whether any settlement with the minors is appropriate and reasonable. *Id.* ¶ 13. He declares that he agrees that he will receive no compensation for his efforts as guardian ad litem. *Id*.

Plaintiffs' motion does not comply with the Local Rules. *See* Local Rule 202. First, Mr. McMillan does not set forth whether he has any interests adverse to the interests of any of the minor Plaintiffs. Second, counsel for Plaintiffs Robert R. Powell attaches a declaration that fails to set forth any of the information required by Local Rule 202(c). *See* (Doc. 20-2). Mr. Powell fails to disclose by whom and the terms under which he was employed; whether he became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether he stands in any relationship to that party; and whether he has received or expects to receive any compensation, from whom, and the amount.

Third, Plaintiffs provide neither information nor declarations by them or from either of Plaintiffs' other counsel, namely Lakeshia Dorsey and Eric A. Mercer, regarding the information required by Local Rule 202(c).

Accordingly, the Court will deny Plaintiffs' motion without prejudice to Plaintiffs filing of a renewed application compliant with Local Rule 202(c) and this order. The Court notes that this

is not the first instance in which counsel for Plaintiff (Mr. Powell) has been directed by this Court to comply with the Local Rules in relation to a motion to appoint guardian ad litem. *See* (*Almeyda v. County of Kern, et al.*, No. 1:26-cv-00250-JLT-CDB, Docs. 10, 12). Further, in its prior order in this action, the Court admonished counsel for Plaintiffs to comply with all applicable authority, including the Court's orders and the Local Rules, and referenced counsel's failure to comply in the *Almeyda* action. (Doc. 6 at 3).

Counsel is cautioned that the Court's patience in repeatedly and unsuccessfully admonishing them to familiarize themselves and comply with this Court's orders and the Local Rules is not unlimited.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. Plaintiffs' motion to proceed under pseudonym (Doc. 21) is GRANTED. All parties and their counsel shall use the pseudonyms Kam.J, H.J., D.J., Kat.J, and Kir.J in place of minor Plaintiffs' legal names in all future pleadings and papers filed in this action;
2. The parties are prohibited from disclosing or publishing the true names of minor Plaintiffs except by order of this Court and as necessary toward the prosecution or defense of the case;
3. Plaintiffs' motion for the appointment of guardian ad litem for minor Plaintiffs (Doc. 20) is DENIED without prejudice;
4. Within **seven (7) days** of entry of this order, Plaintiffs SHALL FILE a renewed application that remedies the deficiencies noted above consistent with Local Rule 202(c) and this order.

IT IS SO ORDERED.

Dated: **July 30, 2026**

UNITED STATES MAGISTRATE JUDGE